REQUESTED BY: Lawrence R. Myers, Executive Director, Nebraska Equal Opportunity Commission, 301 Centennial Mall South, Lincoln, Nebraska.
Can the Commission find reasonable cause as to a practice of a respondent but find no reasonable cause as far as the individual who brought the charge of discrimination is concerned?
No.
As emphasized in a previous opinion (Opinion No. 123, issued August 17, 1977), the Commission is a creature of statute and as such possesses only those powers and duties conferred by the Legislature. While the Commission has been entrusted by the Legislature to enforce and effectuate an important public policy the elimination of unlawful discrimination in employment, its authority to assume that duty is triggered in each specific instance by the filing of a charge by a person claiming to be aggrieved. Its authority, in turn, is delineated by section 48-1117 which prescribes in pertinent part:
 "The commission shall have the following powers and duties:
 "(1) To receive, investigate, and pass upon charges of unlawful employment practices anywhere in the state."
By virtue of section 48-1117(1), the Commission's authority is in a sense dormant, until activated by receipt of a charge. The N.E.O.C. can only investigate and pass upon charges it receives. The federal Equal Employment Opportunity Commission, by contrast, can assume a more dichotomous role. That result, because the E.E.O.C. is empowered via section 706 `. . . to prevent any person from engaging in any unlawful employment practice . . .' (Section 706(a) of Title VII of the Civil Rights Act of 1964, as amended) and is further empowered in § 706(b) to file `Commissioner charges' (third party charges filed by individual E.E.O.C. Commission members). While the Fair Employment Practices Act was patterned after Title VII, it is not a mirror image of it. The failure to confer initiative powers upon the N.E.O.C. is but one example of the Unicameral's omissive deviations from Title VII.
Since the Commission's authority to act is dependent upon the filing of a charge, it follows that the Commission's authority to proceed against a charged employer similarly expires when the charge itself is no longer viable, i.e. when the Commission determines there is no reasonable cause to believe the charge is true.
Accordingly, the Commission's proceeding to determine that an employer engages in a discrimination practice notwithstanding the fact that it did not discriminate against the person claiming to be aggrieved would be tantamount to the Commission initiating a charge against the employer. As discussed above, that authority has clearly not been conferred on the Commission by the Legislature. Hence, proceeding in the manner you've proposed represents we believe, an attempt to do indirectly that which the Commission is not authorized to do directly and cannot therefore be approved.
We add parenthetically, that while considering your question, we were not unmindful of the seemingly anomolous consequences which will result in a handful of cases, i.e. discrimination though detected will not be pursued. At first blush, that result seems inimical to the Commission's role. To be sure, the Commission has a duty to enforce the mandates of the Legislature against unlawful discrimination in employment. It is equally its duty however, to do so within and not in excess of the bounds of its statutory authority. In the later case, the Commission courts disaster, for it pursues principles over the cliff of common sense. That result too, is inimical to the Commission's role.
For the foregoing reasons, we conclude that when the Commission determines no reasonable cause exists to believe that the allegations of the person claiming to be aggrieved are true, that finding and no other can be made by the Commission vis a vis the charged respondent employers.